*Rodney S. Cohen*, contra.

---

18022.  BUCKEYE COTTON OIL COMPANY *v.* CITIZENS BANK OF HELENA *et al.*

This case is controlled by the ruling made by the Supreme Court in *Williams* v. *Bennett*, 158 *Ga.* 488 (123 S. E. 683). Here, as in the *Williams* case, the money sued for was not a general deposit, but was held

Banks and Banking, 7 C. J. p. 750, n. 60; p. 751, n. 78.

by the bank under fiduciary relations between the parties, constituting it a trust fund to be applied to "a designated or specific purpose." As such, under paragraph 5 of section 19 of article 7 of the banking act (Ga. L. 1919, p. 159), as it then existed, it is entitled to priority of payment over general deposits which fall under paragraph 7 of that section and article, and the judgment setting up the claim should have established such priority.

DECIDED NOVEMBER 19, 1927.

Complaint; from Telfair superior court—Judge Graham. January 29, 1927.

*Brock, Sparks & Russell,* for plaintiff.

*W. B. Smith, Luther Roberts,* for defendants.

JENKINS, P. J. The Buckeye Cotton Oil Company brought suit against the Citizens Bank of Helena and the State superintendent of banks, in charge of the bank for the purpose of liquidation, for the payment of $250, alleged to have been placed with the bank as a deposit for the specific purpose of guaranteeing it against loss in handling the account of the agent of the plaintiff, setting up that it was entitled to priority in the payment of the amount sued for under paragraph 5 of section 19 of article 7 of the banking act (Ga. L. 1919, p. 159), which provides for payment of "debts due by the bank as trustee or other fiduciary and other claims of like character." The case was submitted to the court for determination without a jury, and the proof shows that the plaintiff appointed an agent at the town of Helena to buy cottonseed for it during the season of 1924, and arranged with the defendant bank to pay orders drawn on the plaintiff by the agent, and given by him to persons from whom he bought seed for the purchase price thereof, the bank in turn drawing on the plaintiff for the amount of such orders paid by it. The agreement between the plaintiff and the defendant bank is embodied in a letter written by plaintiff to the bank, which is as follows: "We have made a seed-buying contract with Mr. J. C. Beaty of your city, who wishes to handle his account through your bank, and we are asking if it will be satisfactory with you to make an arrangement whereby you may cash his seed tickets drawn on us, and you drawing on us with seed tickets attached. We, of course, will expect to make a small deposit with you to guarantee payment of these drafts, *which deposit will remain in your bank during the life of our contract with Mr. Beaty.*" (Italics ours.)

Pursuant to this letter, a draft for $250 was drawn on the plaintiff by the cashier of the bank, the proceeds being deposited to the credit of the plaintiff with the bank. No checks were drawn on this account by the plaintiff, and the seed tickets cashed by the bank were not charged against it, such tickets being held as cash, and the bank reimbursing itself for amounts paid thereon by drawing on the plaintiff with the seed tickets attached. The bank was taken over by the superintendent of banks for liquidation in December, 1924, at which time it carried on its books to the credit of the plaintiff the amount thus deposited in the sum of $250. The defendants admitted liability, but contended that the plaintiff was only entitled to payment under paragraph 7 of section 19 of article 7 of the banking act providing for the payment of "debts due to depositors and other contractual liabilities pro rata." The court found in favor of the plaintiff for the amount sued for, but held against its contention as to priority, ruling that payment should be made in accordance with the provisions of paragraph 7 of the statute quoted above, to which action the plaintiff excepts.

The judgment of the court below is affirmed with direction that it be amended to establish the priority indicated by the syllabus. As the plaintiff in error obtains substantial relief by this decision, the costs of bringing up the case are taxed against the defendant in error.

*Judgment affirmed with direction. Stephens and Bell, JJ., concur.*